UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN TRUNIK,<br><br>Defendant. | Case No. 6:20-po-00469-HBK-1<br>Case No. 6:20-po-00754-HBK-1<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO RAISE NECESSITY DEFENSE AT TRIAL<br><br>(Doc. Nos. 13, 10) |

On June 1, 2021, Defendant moved to permit a necessity defense at trial in Case Nos. 6:20-po-469 (Doc. No. 13) and 6:20-po-754 (Doc. No. 10). On June 21, 2020, Defendant was issued Violation Notice 9293278 for entering Yosemite National Park without a permit in violation of 36 CFR 1.6(g)(1) (Case No. 6:20-po-469) and Violation Notice 9293675 (Case No. 6:20-po-754) for engaging a permitted activity in violation of 36 CFR 1.6(g)(1). While admitting he exceeded the time limit in which to exit the Park and camped in Yosemite's Upper Pines Campground without a permit, Defendant contends he did so out of necessity to recover from heat exhaustion. (*See generally* Doc. Nos. 13, 10). The United States has not opposed or otherwise responded to Defendant's motion in either case. (*See* docket).

A defendant's violation can be excused if it was committed "to prevent an imminent harm which no available options could similarly prevent." *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001). The Court "may preclude a necessity defense by granting a motion *in*

*limine*." *United States v. Aguilar*, 883 F.2d 662, 692 (9th Cir. 1989); *United States v. Wrenn*, 9 F. App'x 620, 620 (9th Cir. 2001).  When the government moves to preclude a necessity defense, the defendant then must demonstrate "(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law." *United States v. Carter*, 5 F.3d 541 (9th Cir. 1993).

The United States has not moved to bar Defendant from presenting a necessity defense nor objected to Defendant's motions.  (*See* docket).  This is understandable given these cases will proceed to a bench trial.  Motions *in limine*, whose purpose is to keep inadmissible evidence from reaching a jury, are "moot" and "generally superfluous" in bench trials.  *United States v. Heller,* 551 F.3d 1108, 1111-12 (9th Cir. 2009).  The Court will thus permit Defendant to advance a necessity defense at trial in the connection with the above Violation Notices.  The Court allowing Defendant to present a necessity defense is not an assessment of the defense's merits.

Accordingly, it is **ORDERED:**

1. Defendant's motion to permit a necessity defense at trial in (Case Nos. 6:20-po-469 (Doc. No. 13) is GRANTED.

2. Defendant's motion to permit a necessity defense at trial in (Case Nos. 6:20-po-754 (Doc. No. 10) is GRANTED

3. The Court schedules these matters for a Trial Confirmation Hearing for **August 31, 2021 at 3:00 P.M.**

Dated:   July 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2