PHILLIP A. TALBERT
Acting United States Attorney
SEAN O. ANDERSON
Yosemite Legal Officer
NATIONAL PARK SERVICE
Legal Office
P.O. Box 517
Yosemite, California 95389
Telephone: (209) 213-8743

Counsel for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 6:20-PO-00754-HBK |
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF |
| v. | TRIAL DATE: November 4, 2021<br>TIME: 9:00 a.m. |
| BRYAN TRUNIK, | COURT: Hon. Helena M. Barch-Kuchta |
| Defendant. | |

The United States of America, by and through its attorney, Phillip A. Talbert, United States Attorney, and Sean O. Anderson, Yosemite Legal Officer, file this trial brief to aid the court with regard to possible trial issues.

**I.  INTRODUCTION AND CASE STATUS**

**A. Trial Status**

A bench trial is set to begin on November 4, 2021, before the Honorable Helena M. Barch-Kuchta, United States Magistrate Judge. The government believes that all evidence and arguments will be concluded within one trial day.

///

///

1

**B. Charges**

The defendant is charged in United States District Court via Count One of the Superseding Information for failing to obtain a permit, where required in violation of Title 36 C.F.R. § 2.10(b)(8).

**C. Miscellaneous Matters**

The government anticipates that its case-in-chief will last one trial day. The charge is a Class B misdemeanor, punishable by not more than six months' incarceration and/or a $5,000 fine. The government anticipates calling two witnesses in its case-in-chief.

## II.  STATEMENT OF FACTS

On June 21, 2020 at approximately 10:33 p.m., Ranger C. Cassling was on patrol in Upper Pines Campground when he observed a blue BMW motorcycle (CA:15Z4246) off the roadway between sites 121 and 123. There was a hammock set up next to the motorcycle that appeared to be occupied. Ranger Cassling walked around the motorcycle and did not observe any permits displayed for camping or entry into Yosemite National Park. I woke up the male, later identified as Bryan TRUNIK, from his sleep in the hammock and identified myself.

TRUNIK said he talked to someone at the village and they told him to go to the campground, look at the board, grab a spot, and talk to the campground people in the morning. TRUNIK said multiple times he went online and "couldn't get anything" for permits for the park. TRUNIK said he came in the East entrance (Tioga Pass) in the morning and the entrance station was staffed. He said he showed them his interagency pass and the entrance station staff let him in the park. He could not remember if he received a piece of paper from the entrance station employees.

//

//

Later in the conversation, TRUNIK said that he told the entrance station he was "just passing through", but after multiple times being asked, TRUNIK could not remember if he received a permit from the entrance station. His pass through destination was Fresno, CA.

There is a sign at the entrance to the campground that says "Campground Reservations Only, All Sites are Reserved". There is also a sign on the kiosk at the bottom of the white board for late arrivals that says "UPPER PINES IS FULL. ALL SITES ARE RESERVED."

TRUNIK stated multiple times that he was "wiped out" and early in the conversation said he was too tired to sit and argue. TRUNIK proceeded to argue with United States Park Ranger Justin Fey and Ranger Cassling for another 30 minutes, while the Rangers attempted to explain the violations TRUNIK was receiving a citation for. While issuing the citations, TRUNIK refused to provide identifying and contact information for the citation.

### III. APPLICABLE STATUTES, REGULATIONS, AND ELEMENTS

The offense charged in the United States District Court on Count One of the Superseding Information is for failure to obtain a permit, where required, in violation of Title 36 C.F.R. § 2.10(b)(8). Title 36, C.F.R. 2.10(a) provides: "[t]he superintendent may require permits, designate sites or areas, and establish conditions for camping." Title 36, C.F.R. § 2.10(b)(8) prohibits camping in an area where a permit is required, without obtaining a permit and is also addressed under § 2.10(a) – Camping and Food Storage, in the 2020 Superintendent's Compendium.

To prove the defendant guilty of camping without obtaining a permit, in a designated permitted area, in violation of 36 C.F.R. § 2.10(b)(8), the government must prove the following elements beyond a reasonable doubt:

1. The defendant was camping.

3

2. The area where the defendant was camping was designated for camping.

3. The offense occurred within the boundaries of federally owned lands administered by the National Park Service.

4. The defendant did not obtain or possess a valid camping permit.

Title 36, C.F.R. § 1.4(a) defines camping as "the erecting of a tent or shelter of natural or synthetic material, preparing a sleeping bag or other bedding material for use, parking of a motor vehicle, motor home or trailer, or mooring of a vessel for the apparent purpose of overnight occupancy."

Section 36 C.F.R. § 2.10(b)(8) is a strict liability offense that does not require the government to prove that the defendant did not know that camping was a permitted activity in the Upper Pines Campground area. *See United States v. Sears*, No. CR 14-00667-RGK, 2015 WL 13359437, at *5–6 (C.D. Cal. Apr. 16, 2015), *aff'd sub nom. United States v. Sears*, 652 F. App'x 553 (9th Cir. 2016). In *Sears*, the court concluded that 36 C.F.R. § 2.10(b)(10), which prohibits camping outside of designated areas, does not include a mens rea requirement. *Id*. The court noted that the provision "d[id] not contain any language implying a requisite state of mind, but instead speaks solely of the action of camping." *Id*. (citing *United States v. Kent*, 945 F.2d 1441 (9th Cir. 1991)).

The *Sears* court was based on *United States v. Wilson*, 438 F.2d 525 (9th Cir. 1971), which declined to read a mens rea requirement into public land regulations where the plain text of the statute did not suggest one. In *Wilson*, the court interpreted a provision of Title 36, Chapter II, which prohibited "'cutting, killing, destroying, girding, chipping, chopping, boxing, injuring or otherwise damaging or removing any timber or forest product'" without authorization. There, the court noted that "[t]here is reason to believe that the omission of mens rea was intentional," explaining that "[t]he necessity of proving in each instance that the trespasser knew that he had crossed the often poorly marked boundaries of a national forest might make the regulatory scheme excessively difficult to enforce." *Id*. Here, there is likewise reason to believe that the omission of a mens rea requirement in the National Park camping

4

regulations was intentional, because the imposition of such a requirement would make it exceedingly difficult to enforce a basic regulatory scheme designed to protect park resources and the public.

Evidence in this trial will prove all elements of this offense beyond a reasonable doubt. Witnesses will testify that Defendant was contacted within the special maritime and jurisdictional borders of the United States, within the borders of Yosemite National Park. Witnesses will testify that Defendant was asleep in a hammock in the Upper Pines Campground. Witnesses will further testify Defendant was occupying a campground and camping, for which a valid camping permit is required to camp within Yosemite National Park's Upper Pines Campground. Finally, the witnesses will testify Defendant did not possess a valid camping permit.

## IV. ANTICIPATED EVIDENTIARY ISSUES

The Government does not anticipate any evidentiary issues to arise during trial. To the extent other evidentiary issues arise during trial that are not contemplated by the Government's pre-trial filings, including the Trial Brief, the government requests permission to file supplemental briefing.

Dated: October 7, 2021            By:    PHILLIP A. TALBERT
                                                             Acting United States Attorney

                                                              /s/ *Sean O. Anderson*
                                                              Sean O. Anderson
                                                              Legal Officer
                                                              Yosemite National Park